

FILED
2010 May-20  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELIZABETH BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.** _____ |
| | ) | |
| **MIDLAND FUNDING LLC, a** | ) | |
| **corporation; TRANS UNION LLC, a** | ) | |
| **corporation; and EXPERIAN** | ) | |
| **INFORMATION SOLUTIONS,** | ) | |
| **INC., a corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Experian Information Solutions, Inc. ("Experian") hereby files this Notice of Removal of the above-captioned action to this Court and states as follows:

1. Experian, Midland Funding LLC ("Midland"), and Trans Union LLC ("Trans Union") are named Defendants in Civil Action No. CV-2010-900295 filed in the Circuit Court of Shelby County, Alabama (the "State Court Action"). All Defendants have joined in and given their consent to this removal. True and correct copies of their Joinder and Consents to Removal are attached hereto as Exhibit A.

2. The Complaint in the State Court Action was filed with the Clerk of the Circuit Court of Shelby County, Alabama, on April 5, 2010. Experian was served with the Complaint on April 21, 2010. Midland has not yet been served with the Complaint. Trans Union was served with the Complaint on April 19, 2010.

{W0259003.1 } ATI-2423364v1}

3.     This Notice is being filed with this Court within thirty (30) days after Defendants received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4.     True and correct copies of "all process, pleadings, and orders" filed to date in the State Court Action are attached hereto as Exhibit B.  No other process, pleadings, or orders have been served upon Defendants to date in this case.

5.     Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

6.     Trans Union is a limited liability company which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.  Trans Union uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7.     Midland is a limited liability company which purchases charged-off debts from unrelated creditors.  These accounts are serviced, including collection efforts and reporting of accounts to consumer reporting agencies, by a Midland affiliate.

8.     The claims of relief against all Defendants alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u, and Plaintiff further alleges claims of relief against Midland in the State Court Action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p.  Thus, this court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p and § 1692k.  The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a) and (b).

9.     Plaintiff also purports to assert claims for defamation; invasion of privacy; and negligent, reckless, wanton, malicious and/or intentional conduct.  This Court has supplemental jurisdiction over Plaintiff's state law claims.  Those claims, like Plaintiff's federal question claims, arise from the same set of operative facts relating to the alleged wrongful conduct.  Accordingly, each of those claims is related to Plaintiff's federal question claims, and form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

10.    At the present time and at the time of commencement of the State Court Action, Plaintiff is and was an individual citizen of the State of Alabama.

11.    At the present time and at the commencement of the State Court Action, Experian is and was a corporation incorporated under the laws of the State of Ohio with its principal place of business in California.

12.    At the present time and at the commencement of the State Court Action, Trans Union is and was a limited liability company formed under the laws of the State of

Delaware with its principal place of business in Chicago, Illinois and its members citizens of states other than Alabama.

13.    At the present time and at the commencement of the State Court Action, Midland is and was a limited liability company formed under the laws of the State of Delaware with its principal place of business in California and its members citizens of states other than Alabama.

14.    The amount in controversy in the State Court Action, including the punitive damages sought, exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff makes a separate damages demand for each of cause of action alleged in the Complaint. For alleged violations of the FDCPA, Plaintiff "demands judgment against Defendant Midland for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000." *See* Complaint, Unnumbered paragraph following ¶ 64. For wholly independent alleged violations of the FCRA, Plaintiff "demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000." *See Id.* Unnumbered paragraph following ¶ 73. For alleged defamation and invasion of privacy claims, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,0000 for each claim. *See Id.* Unnumbered paragraphs following ¶ 78 and ¶ 81. For the alleged negligent, reckless, wanton, malicious and/or intentional conduct claims, Plaintiff "demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000." *See Id.* Unnumbered paragraph following ¶ 89.

15.     Accordingly, this court also has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, and, therefore, the above-captioned action may properly be removed to this Court pursuant to 28 U.S.C. §1441(a) and (b).

16.     All Defendants served with the Complaint in the State Court Action consent to and join in this Notice of Removal.

17.     Promptly after the filing of this Notice of Removal, Defendants shall provide notice of the removal to Plaintiff through his attorney of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

Dated: May 19, 2010                              Respectfully submitted,

                                                 L. Jackson Young, Jr. (ASB-7946-G65L)
                                                 FERGUSON FROST & DODSON, LLP
                                                 2500 Acton Road, Suite 200
                                                 Birmingham, Alabama  35243
                                                 Email:  ljy@ffdlaw.com
                                                 Telephone:  (205) 879-8722
                                                 Telecopier:  (205) 879-8831
                                                 *Attorney for Defendant*
                                                 *Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of May, 2010, I caused the foregoing

to be served by first-class U.S. Mail, postage prepaid, on the service list as follows:

Wesley L. Phillips
PHILLIPS LAW GROUP, LLC
P.O. Box 130488
Birmingham, Alabama  35213
wphillipslaw@gmail.com
*Attorney for Plaintiff*

Matthew W. Robinett
NORMAN, WOOD, KENDRICK &
TURNER
505 20th Street North, Suite 1600
Birmingham, Alabama 35203
mrobinett@nwkt.com
*Attorney for Trans Union LLC*

Eric Langley
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203
elangley@balch.com
*Attorney for Midland Funding LLC*

Of Counsel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CASE NO. _____

| | | |
|---|---|---|
| ELIZABETH BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Removed from the Circuit |
| | ) | Court of Shelby County, |
| MIDLAND FUNDING LLC, a | ) | Alabama, Case No. CV-10- |
| corporation; TRANS UNION LLC, a | ) | 900295 |
| corporation; and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT MIDLAND FUNDING LLC'S
## JOINDER AND CONSENT TO REMOVAL

Without waiving any other defenses, defendant Midland Funding LLC,

hereby joins in and consents to the removal of this action from the Circuit Court of

Shelby County, Alabama, to this Court.

ATI-2423443v1

EXHIBIT A

Respectfully submitted this 18th day of May, 2010.

Eric B. Langley/ASB-8139-E-66E
Marcus R. Chatterton/ASB-5320-A53C
BALCH & BINGHAM LLP
P.O. Box 306
Birmingham, Alabama  35201
elangley@balch.com
mchatterton@balch.com
Telephone:  (205) 226-8772
Facsimile:  (205) 488-5860

*Attorneys for Midland Funding LLC*

- 2 -

ATl-2423443v1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CASE NO. _____

| | | |
|---|---|---|
| ELIZABETH BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Removed from the Circuit |
| | ) | Court of Shelby County, |
| MIDLAND FUNDING LLC, a | ) | Alabama, Case No. CV-10- |
| corporation; TRANS UNION LLC, a | ) | 900295 |
| corporation; and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT TRANS UNION LLC'S
## JOINDER AND CONSENT TO REMOVAL

Without waiving any other defenses, defendant Trans Union LLC, hereby

joins in and consents to the removal of this action from the Circuit Court of Shelby

County, Alabama, to this Court.

Respectfully submitted this 17 day of May, 2010.

Matthew W. Robinett
(ASB-3523-172M)
NORMAN, WOOD, KENDRICK &
TURNER
505 20th Street North, Suite 1600
Birmingham, Alabama 35203
mrobinett@nwkt.com
Telephone:  (205) 259-1036
Facsimile:  (205) 251-5479

*Attorneys for Trans Union LLC*

ATI-2423563v1

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>58-CV-201<br>Date of Filing:<br>04/05/2010 |
|---|---|---|

ELECTRONICALLY FILED<br>4/5/2010 4:00 PM<br>CV-2010-900295-00<br>CIRCUIT COURT OF<br>SHELBY COUNTY, ALABAMA<br>MARY HARRIS, CLERK

## GENERAL INFORMATION

IN THE CIRCUIT OF SHELBY COUNTY, ALABAMA
ELIZABETH BROWN v. MIDLAND FUNDING LLC ET AL

First Plaintiff: ☐ Business ☑ Individual ☐ Government ☐ Other

First Defendant: ☑ Business ☐ Individual ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawful Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?  ☑ Yes ☐ No

RELIEF REQUESTED:  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:  PHI053      4/5/2010 4:44:24 PM      /s WESLEY L PHILLIPS

MEDIATION REQUESTED:  ☐ Yes ☑ No ☐ Undecided

**EXHIBIT B**



ELECTRONICALLY FILED
4/5/2010 5:00 PM
CV-2010-90225.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| ELIZABETH BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | )   Case No.: _____ |
| | ) |
| MIDLAND FUNDING LLC, a corporation; | ) |
| TRANS UNION LLC, a corporation; and | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., a corporation, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.      Plaintiff Elizabeth Brown is a resident of Shelby County, over 19 years of age,

and is competent to bring this action.

2.      Defendant Midland Funding LLC (hereinafter "Midland") is registered in Delaware

with its principal place of business located in San Diego, California and was doing business in

Shelby County, Alabama at all times material to this Complaint.

3.      Defendant Trans Union LLC (hereinafter "Trans Union") is registered in

Delaware with its principal place of business located in Chicago, Illinois and was doing business in

Shelby County, Alabama at all times material to this Complaint.

4.      Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an

Ohio corporation with its principal place of business located in Orange, California and was doing

business in Shelby County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

5.      In January, 2009, Defendant Midland sued Plaintiff in the Small Claims Court of Shelby County, Alabama, with a case number of SM-2009-000147.

6.      Plaintiff answered lawsuit numbered SM-2009-000147 filed by Defendant Midland on March 20, 2009.

7.      In this suit, Defendant Midland asserted it was the owner of a certain debt it claimed was allegedly owed by Plaintiff and asserted it was owed $1,176.02.

8.      Defendant Midland asserted it was owed the amount of $1,1176.02 based on the theories of contract and account stated for its recovery against Plaintiff.

9.      In various correspondence Defendant Midland claimed Plaintiff owed it $1,176.02.

10.     Plaintiff denied and disputed the debt.

11.     After being sued, Plaintiff timely filed an Answer denying the allegations claimed by Defendant Midland.

12.     Thereafter, case was set for trial on May 21, 2009.

13.     The trial date was continued on motion of the plaintiff until July 29, 2009 trial date was sent to Defendant Midland and Plaintiff.

14.     On July 29, 2009, the Honorable John H. Alsbrooks, District Judge for Shelby County, entered an Order finding for Plaintiff Elizabeth Brown and against Defendant Midland in case number SM-2009-000147.

15.     The verdict entered in favor of Plaintiff Elizabeth Brown and against Defendant Midland by the District Court was a final adjudication on the merits.

16.     Defendant Midland did not appeal within the time allowed, thus, making the

judgment a final judgment from which an appeal no longer lies.

17.     Defendant Midland is not the owner of this alleged debt.

18.     Defendant Midland reported to the credit reporting agencies that Plaintiff owed this money and was in default.

19.     Plaintiff did not owe this money to Defendant Midland.

20.     The debt being collected is a "consumer debt" as defined by the FDCPA.

21.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

22.     Defendant Midland is a "debt collector" as defined by the FDCPA.

23.     After the dismissal with prejudice by the District Court, Plaintiff sent a letter to Defendants Experian and Trans Union requesting an investigation of the account that still appeared on Plaintiff's credit reports with regard to Midland and this account number stating Plaintiff did not owe the $1,176.02 Midland had asserted in case number SM-09-000147 and that she won this case at trial as judgment was entered in her favor and against Midland.

24.     Plaintiff requested a complete investigation and re-investigation of her credit file to reflect the fact she won case number SM-09-000147 and that all information referring to this account to be deleted, as Plaintiff did not owe said account and won this case at trial.

25.     Plaintiff requested Defendants Experian and Trans Union to contact the Defendant Midland's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that the information in her credit file should be immediately corrected to reflect the fact she won case number SM-09-000147 and did not owe Midland for this account.

26.     No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

27.     In fact, no Defendant performed any type of reasonable investigation and/or re-

investigation.

28.     Defendants Experian and Trans Union notified Defendant Midland in accordance with the FCRA of the dispute by the Plaintiff.

29.     Alternatively, Defendants Experian and Trans Union did not properly notify Defendant Midland and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Midland. This includes notification that Plaintiff won the lawsuit in the District Court.

30.     All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

31.     On September 28, 2009, Defendant Trans Union issued an improper and inaccurate report of the results of its investigation and re-investigation in a report with File number 211893861 verifying a civil judgment against Plaintiff and in favor of Defendant Midland in Shelby County District Court, Docket #M2009000147, that a civil judgment was paid on this account in the amount of $1191 in September, 2009, which is and was wholly incorrect, false, and inaccurate. Further, the report stated this negative public information will continue on her credit file until February, 2016.

32.     On September 25, 2009, Defendant Experian issued an improper and inaccurate report stating the results of its investigation and re-investigation, Report number 2524587555, verifying a civil judgment against Plaintiff and in favor of Defendant Midland in Shelby County District Court, with Identification number SM2009000147, that the Plaintiff was Midland Funding LLC, that a civil judgment entered on this account in the amount of $1191, and that this negative public information will continue on her credit file until March, 2016. This information was and is incorrect, false, and inaccurate.

33.     The reports Defendants Experian and Trans Union issued to Plaintiff and the

failure to properly and/or reasonably investigate and re-investigate by Defendants Experian and Trans Union following the entering of judgment against Defendant Midland in the Small Claims Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

34.     All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Midland through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

35.     Defendants Trans Union and Experian have proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

36.     For example, had Plaintiff not answered the Small Claims suit and a default judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Trans Union, Experian, and Trans Union would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

37.     Defendants Experian and Trans Union, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff prevailed at trial on the merits.

38.     The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant Midland; and the District Court's ruling was a final judgment.

39.     The dismissal with prejudice was not appealed to the Shelby County Circuit Court, and there is no avenue for appeal for Defendant Midland of this judgment as the time to appeal has long since passed.

40. Despite this knowledge, Defendants Trans Union and Experian have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Midland, has told them to say.

41. Defendants Trans Union and Experian have a policy to favor the paying customer, in this situation Defendant Midland, rather than what the consumer or even a court says about a debt.

42. The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

43. The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

44. Defendant Midland has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. In addition, Defendant Midland has admitted to its practices and has had judgments entered against it for the same type of claims presented in the case at bar, which is evidence of Defendant Midland's willful and wanton conduct in this case.

45. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Midland knows no balance is owed.

46. Defendant Midland promises through its subscriber agreements or contracts to accurately update accounts but Defendant Midland has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47.     Defendant Midland had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.     Defendant Midland has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

51.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

52.     At all relevant times the Defendants Trans Union and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b),

1681i and state law.

53.      Defendant Midland  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

54.      Defendant Midland has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Trans Union and Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

55.      Defendants Experian and Trans Union have failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

56.      The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

57.      It is a practice of Defendant Midland to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

58.      It is a practice of Defendants Experian and Trans Union to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

59.      All actions taken by employees, agents, servants, or representatives of any type

for any and/or all Defendants were taken in the line and scope of such individuals (or entities')
employment, agency or representation.

60.     All actions taken by any and/or all Defendants were done with malice, were done
willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge
that their actions would very likely harm Plaintiff and/or that their actions were taken in violation
of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their
actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61.     All Defendants have engaged in a pattern and practice of wrongful and unlawful
behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are
subject to punitive damages and statutory damages and all other appropriate measures to punish and
deter similar future conduct by these Defendants and similar companies.


## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

62.     All paragraphs of this Complaint are expressly adopted and incorporated by
reference as if fully set forth herein.

63.     Defendant Midland violated the FDCPA in numerous ways, including, but
not limited to the following:

      a.      Falsely reporting the debt on Plaintiff's credit reports with at least Experian
          and Trans Union when Plaintiff does not owe the money;

      b.      Suing the Plaintiff when there was no basis to do so;

      c.      Continuing to assert the suit in state court when Defendant Midland knew, or

should have known, there was no basis for doing so;

    d.    Not informing the Plaintiff of the true amount that was allegedly owed

        by providing Plaintiff with different amounts regarding the same debt; and

    e.    Engaging in collection activities on a debt that Plaintiff does not owe and

        that Defendant Midland is not entitled to collect upon.

    64.    The violations of the FDCPA by the Defendant Midland is the proximate cause of

Plaintiffs' injuries under the FDCPA due to Defendant Midland's conduct which violated the

FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys'

fees.

    WHEREFORE, Plaintiff demands judgment against Defendant Midland for statutory, actual,

compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of

interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

    65.    All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

    66.    Defendants Experian and Trans Union are each a "consumer reporting agency," as

codified at 15 U.S.C. § 1681a(f).

    67.    Defendant Midland is an entity who, regularly and in the course of business,

furnishes information to one or more consumer reporting agencies about its transactions or

experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. §

1681s-2.

68.    Plaintiff notified Defendants Experian and Trans Union directly of a dispute on the Defendant Midland's account's completeness and/or accuracy, as reported.

69.    The credit reporting agencies failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

70.    Plaintiff alleges that at all relevant times Defendants Experian and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

71.    Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Midland and/or other proper and reasonable measures.

72.    All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

73.    All Defendants violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of

$50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

### DEFAMATION

74.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

75.     Defendant Midland published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

76.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

77.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

78.     Plaintiff has been damaged as a proximate result of Defendant Midland's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

### INVASION OF PRIVACY

79.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

80.     Defendant Midland recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

81.     Plaintiff has been damaged as a proximate result of Defendant Midland's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

### NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

82.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

83.     Defendant Midland has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

84.     Defendant Midland has agreed to follow and understands it must follow the requirements of the FCRA.

85.     Defendant Midland has a duty under Alabama law to act reasonably under the circumstances.

86.     Defendant Midland has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies and has demonstrated a pattern

and practice of this type of conduct in this State, which is evidenced by judgments having been entered against Defendant Midland for the same conduct as alleged in this lawsuit.

87.     Defendant Midland violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

88.     Defendants Experian and Trans Union, violated their duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties these Defendants had or owed to Plaintiff.

89.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.


                                        s/Wesley L. Phillips
                                        Wesley L. Phillips (PHI053)
                                        Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com



PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER.

s/Wesley L. Phillips
OF COUNSEL

Plaintiff's Address:
Elizabeth Brown

**REDACTED**

## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Midland Funding LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Trans Union, LLC
c/o Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL 36104



# IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

ELIZABETH BROWN,                         )
                                         )
    Plaintiff,               )
                                         )
                                         )
vs.                                      )          Case No.: _____
                                         )
MIDLAND FUNDING LLC, a corporation;      )
TRANS UNION LLC, a corporation; and      )
EXPERIAN INFORMATION SOLUTIONS,          )
INC., a corporation,                     )
                                         )
    Defendants.              )

## SUMMONS

    This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:      Trans Union, LLC
                     c/o Prentice-Hall Corporation System Inc
                     150 S. Perry St.
                     Montgomery, AL 36104

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Shelby County Circuit Clerk, P.O. Box 1810, Columbiana, AL 35051.

                                               _____

                                               Clerk of Court

Dated: _____



IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

ELIZABETH BROWN,                      )
                                      )
    Plaintiff,                    )
                                      )
                                      )
vs.                                   )        Case No.: _____
                                      )
MIDLAND FUNDING LLC, a corporation;   )
TRANS UNION LLC, a corporation; and   )
EXPERIAN INFORMATION SOLUTIONS,       )
INC., a corporation,                  )
                                      )
    Defendants.                   )

## <u>SUMMONS</u>

    This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:    Midland Funding LLC
                 c/o CSC Lawyers Incorporating Service, Inc.
                 150 S. Perry Street
                 Montgomery, Alabama 36104

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Shelby County Circuit Clerk, P.O. Box 1810, Columbiana, AL 35051.

                                    _____

                                      Clerk of Court

Dated: _____



IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

ELIZABETH BROWN,                         )
                                         )
        Plaintiff,                       )
                                         )
                                         )
vs.                                      )          Case No.: _____
                                         )
MIDLAND FUNDING LLC, a corporation;      )
TRANS UNION LLC, a corporation; and      )
EXPERIAN INFORMATION SOLUTIONS,          )
INC., a corporation,                     )
                                         )
        Defendants.                      )


## SUMMONS

        This service of this summons is initiated upon the written request of Plaintiff's attorney
pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:          Experian Information Solutions, Inc.
                    c/o The Corporation Company
                    2000 Interstate Park Drive, Suite 204
                    Montgomery, Alabama 36109

The Complaint which is attached to this summons is important and you must take immediate action to
protect your rights.  You are required to mail or hand deliver a copy of a written answer, either
admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the
Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED
OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF
THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED
AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE
COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a
reasonable time afterward. The Clerk's address is: Shelby County Circuit Clerk, P.O. Box 1810,
Columbiana, AL 35051.


                              _____
                              Clerk of Court


Dated: _____

ELECTRONICALLY FILED
4/3/2010 5:00 PM
CV-2010-900293.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

ELIZABETH BROWN,                    )
                                    )
        Plaintiff,                  )
                                    )
                                    )
vs.                                 )          Case No.: _____
                                    )
MIDLAND FUNDING LLC, a corporation; )
TRANS UNION LLC, a corporation; and )
EXPERIAN INFORMATION SOLUTIONS,     )
INC., a corporation,                )
                                    )
        Defendants.                 )

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT MIDLAND FUNDING LLC

COMES NOW Plaintiff Elizabeth Brown, by and through her undersigned counsel, and hereby requests that Defendant Midland Funding LLC (also referred to as "you," "your," and "this Defendant"), answer the following interrogatories, requests for admissions, and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests this Defendant attach a copy of each and every document referred to in any of the interrogatories or in this Defendant's responses thereto or that this Defendant states the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

NOTE:   These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

I.      INTERROGATORIES:

1.      State whether this Defendant's name correctly is stated in the complaint filed in

this case.  If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

      2.     State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all  subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

          a.     State the address of all business locations of this Defendant;

          b.     Describe the nature of this Defendant's business.

**RESPONSE:**

      3.     Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

      (a) Please state whether each such person is affiliated with, or related to, or employed

by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**


4.     Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**


5.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your database and that such information is accurately reported to the credit reporting agencies, including Equifax, Experian, and Trans Union.

**RESPONSE:**


6.     For each request for admission to which you did not give an unqualified "admitted," please state in detail the basis for each such refusal to admit and identify all

documents which relate to your refusal to admit.

**RESPONSE:**

7.      Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

8.      What is your policy and procedure for pulling credit reports? Identify and produce

all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

9.      Identify all documents in your possession that you claim are privileged,

identifying the types of documents, dates of documents, subject matter of the documents, authors

and recipients of the documents, and the applicable privilege.

**RESPONSE:**

10.     State the name and address of each and every witness expected to be called at the

trial of this action.

**RESPONSE:**


11.    State how many credit reports of consumers in Alabama you pulled in 2008 and how many in 2009.

**RESPONSE:**


12.    For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**


13.    State the name and address of each and every expert witness expected to be called at the trial of this action. Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


14.    State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

II.   **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.   Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit reports.

**RESPONSE:**

2.   Admit or deny you told Equifax, Experian, and/or Trans Union that Plaintiff had given you permission to pull her reports.

**RESPONSE:**

3.   Admit or deny that you knew that pulling Plaintiff's credit reports would adversely affect Plaintiff's credit worthiness.

**RESPONSE:**


III.   **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.   Please produce all documents evidencing, relating, referencing, and/or involving communications between you and any of the other defendants which regarded or in any way referenced Plaintiffs and/or any of Plaintiffs' personal identifiers.

2.   Produce all documents that reference, relate, and/or refer in any way to the Plaintiffs.

3.   Produce all documents evidencing, relating, referencing, involving and/or constituting communications between you and Plaintiff or anyone acting on or purporting to act on Plaintiff's behalf.

4.   Produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

5.      Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009.

6.      Produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

7.      Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

8.      Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

9.      Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

10.     Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

11.    Produce any and all documents which evidence, relate, and/or refer in any manner to the Plaintiff or any of Plaintiff's accounts.

12.    Produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

                                        s/Wesley L. Phillips
                                        Wesley L. Phillips (PHI053)
                                        Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213
(205) 383-3585 - voice
(800) 536-0385 - facsimile


## PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.

ELECTRONICALLY FILED
4/5/2010 5:30 PM
CV-2010-900295.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| ELIZABETH BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) Case No.: _____ |
| | ) |
| MIDLAND FUNDING LLC, a corporation; | ) |
| TRANS UNION LLC, a corporation; and | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., a corporation, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANTS TRANS UNION LLC AND EXPERIAN INFORMATION SOLUTIONS, INC.

COMES NOW Plaintiff Elizabeth Brown, by and through her undersigned counsel, and hereby requests that Defendants Trans Union LLC and Experian Information Solutions, Inc. (hereinafter, collectively, "you," "your," and/or "these Defendants"), answer the following interrogatories, requests for admissions, and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests these Defendants attach a copy of each and every document referred to in any of the interrogatories or in these Defendants' responses thereto or that these Defendants state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

NOTE:   These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

I.   INTERROGATORIES:

1.   State whether this Defendant's name correctly is stated in the complaint filed in

this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

      2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

           a.      State the address of all business locations of this Defendant;

           b.      Describe the nature of this Defendant's business.

**RESPONSE:**

      3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

           (a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

RESPONSE:


4.      Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

RESPONSE:


5.      Please state whether you received any requests from Defendant Midland Funding related to pulling Plaintiff's credit reports in connection with your response, please identify the dates of such requests, the manner of the requests, the identifying data connected with the requests, and explain and describe the reasons you allowed Defendant Midland Funding to have access to Plaintiffs' credit reports.

RESPONSE:


6.      State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your consumer credit database and consumer reports you issued and to ensure credit pulls are only allowed when the company desiring to make the pull has a permissible reason.

RESPONSE:



7.    If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

RESPONSE:


8.    Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

RESPONSE:


9.    If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

RESPONSE:

10.    Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

RESPONSE:


11.    If your answer to any Request for Admission is anything other than an unqualified "Admit," then explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

RESPONSE:


12.    State the name and address of each and every witness expected to be called at the trial of this action.

RESPONSE:


13.    State the name and address of each and every expert witness expected to be called at the trial of this action. Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

RESPONSE:

14.   State the name, address, phone number, and employer of each and every person known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

**RESPONSE:**

15.   State whether, in the past ten years, you have been named a party defendant in any other lawsuit involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts. If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

**RESPONSE:**

16.   State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

b) A description of the nature of each such action; and

c) The result of each such action whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

RESPONSE:


17.     State and fully describe the maintenance of all procedures utilized by you to avoid

violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding

this Defendant's compliance or noncompliance with the FCRA.

RESPONSE:


18.     State your policies and procedures and identify the name or title of said policy and

procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, for the purpose of conducting a proper and reasonable investigation or re-investigation of

a consumer dispute in compliance with the FCRA.

RESPONSE:



II.     PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.     Admit or deny that you followed all policies and procedures for allowing

Defendant Midland Funding to pull Plaintiff's credit reports.

RESPONSE:

2.     Admit or deny you intended that other persons or entities would see the credit

pulls by Defendant Midland Funding if such other persons or entities reviewed Plaintiff's credit

report maintained by you.

RESPONSE:

3.     Admit or deny the credit pulls by Defendant Midland Funding do not improve

Plaintiff's credit history.

**RESPONSE:**

4.     Admit or deny the credit pulls by Defendant Midland Funding lower Plaintiff's

credit score using your credit scoring formula.

**RESPONSE:**

5.     Admit or deny you have not yet deleted the inquiries of Midland Funding from

Plaintiff's credit reports.

**RESPONSE:**

6.     Admit or deny the Plaintiff does not have a choice on whether you will maintain a

credit report on her.

**RESPONSE:**


III.     **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.     Please produce all documents evidencing, relating to, and/or involving

communications between you and any of the other defendants, in which the communication in

any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.     Produce each and every document that refers to the plaintiff.

3.     Please produce all documents evidencing, relating to, and/or involving or

constituting communications between you and the plaintiff or anyone acting on or purporting to

act on the plaintiff's behalf.

4.     Please produce your policy manuals, procedure manuals, or other documents,

which address your policies, practices or procedures in allowing credit pulls during each of the

years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5.    Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

6.    Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning your subscriber relationships with all other defendants.

7.    Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any information regarding Plaintiff reported by you.

8.    Please produce your documents evidencing, relating, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

9.    Please produce your documents which evidence, relate, reference, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

10.    Please produce all documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters between you and your attorney.

11.    Please produce copies of your documents evidencing, relating, referencing, constituting and/or containing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff

and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

12.     Please produce all documents in your custody, control, or possession evidencing, relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of Plaintiff's accounts.

13.     Please produce any and all documents identified, relied upon, and/or referred to by you in your responses to Plaintiff's interrogatories.


                                        s/Wesley L. Phillips
                                        Wesley L. Phillips (PHI053)
                                        Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,   Alabama 35213
(205) 383-3585 - voice
(800) 536-0385 - facsimile


## PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2010-900295.00 |
|---|---|---|

**IN THE CIVIL COURT OF SHELBY, ALABAMA**

**ELIZABETH BROWN v. MIDLAND FUNDING LLC ET AL**

MIDLAND FUNDING LLC, 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of ___ ELIZABETH BROWN ___

pursuant to the Alabama Rules of the Civil Procedure

| 4/5/2010 5:00:31 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s WESLEY L PHILLIPS | |
|---|---|---|
| | Plaintiff's/Attorney's Signature | |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ _____ County, Alabama on _____

_____          _____

Date                             Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>58-CV-2010-900295.00 |
|---|---|---|

IN THE CIVIL COURT OF SHELBY, ALABAMA

ELIZABETH BROWN v. MIDLAND FUNDING LLC ET AL

**NOTICE TO**   EXPERIAN INFORMATION SOLUTIONS, INC., 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ELIZABETH BROWN
pursuant to the Alabama Rules of the Civil Procedure

| 4/5/2010 5:00:31 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s WESLEY L PHILLIPS | |
|---|---|---|
| | Plaintiff's/Attorney's Signature | |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                                                         Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2010-900295.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### ELIZABETH BROWN v. MIDLAND FUNDING LLC ET AL

**NOTICE TO** TRANS UNION, LLC, 150 S. PERRY ST., MPNTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   ELIZABETH BROWN
   pursuant to the Alabama Rules of the Civil Procedure

| 4/5/2010 5:00:31 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s WESLEY L PHILLIPS | |
|---|---|---|
| | Plaintiff's/Attorney's Signature | |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

| _____ | _____ |
|---|---|
| Date | Server's Signature |

| State of Alabama Unified Judicial System Form C-34  Rev 6/88 | SUMMONS - CIVIL - | Case Number: 58-CV-2010-900295.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### ELIZABETH BROWN v. MIDLAND FUNDING LLC ET AL

**NOTICE TO** ___ MIDLAND FUNDING LLC, 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   ELIZABETH BROWN
   pursuant to the Alabama Rules of the Civil Procedure

4/14/10
~~4/5/2010 5:08:31 PM~~

| Date | /s MARY HARRIS | By |
|---|---|---|
| | Clerk/Register | |

☑ Certified mail is hereby requested   /s WESLEY L PHILLIPS
   Plaintiffs/Attorney's Sig

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and C _____

_____ in _____

| Date | Server's Signature |
|---|---|

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To  Midland Funding LLC
Street, Apt. No.; or PO Box No.  2000 I State Dr De
City, State, ZIP+4  Montgomery AL, 36109

CV-10-9095

7009 1680 0000 7263 8474

PS Form 3800, August 2006          See Reverse for Instructions

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2010-900295.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### ELIZABETH BROWN v. MIDLAND FUNDING LLC ET AL

EXPERIAN INFORMATION SOLUTIONS, INC., 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   ELIZABETH BROWN
pursuant to the Alabama Rules of the Civil Procedure

4/14/10
4/5/2010 5:00:31 PM                    /s MARY HARRIS
Date                                    Clerk/Register                          By

☑ Certified mail is hereby requested   /s WESLEY L PH
                                       Plaintiff's/Attorne

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons

_____ in _____

Date                          Server's Signatur

**U.S. Postal Service**
**CERTIFIED MAIL₊ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com₊

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee<br>(Endorsement Required) | | Postmark<br>Here |
| Restricted Delivery Fee<br>(Endorsement Required) | | |
| Total Postage & Fees | $ | |

CV-10-90295

Sent to
_Experian Info Solutions_
Street, Apt. No.;
or PO Box No. _2000 I State PK. Dr Ste_
City, State, ZIP+4 _Montgomery, Al 3609_

PS Form 3800, August 2006

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>58-CV-2010-900295.00 |
|---|---|---|

**IN THE CIVIL COURT OF SHELBY, ALABAMA**
**ELIZABETH BROWN v. MIDLAND FUNDING LLC ET AL**

TRANS UNION, LLC, 150 S. PERRY ST., MPNTGOMERY, AL 36104

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   ELIZABETH BROWN
pursuant to the Alabama Rules of the Civil Procedure

4/14/10 5:00:31 PM
Date

/s MARY HARRIS
Clerk/Register

By

---

☑ Certified mail is hereby requested

/s WESLEY L PHILLIPS
Plaintiff's/Attorney's Sig

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Co

_____ in _____

Date

Server's Signature

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

D003
CV-10-900295

Sent To
Trans Union, LLC
Street, Apt. No.; or PO Box No.
150 S. Perry St.
City, State, ZIP+4
Montgomery, AL 36104

PS Form 3800, August 2006      See Reverse for Instructions

7009 1680 0000 7263 8481

✓ CV·10·900295

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trans Union, LLC
150 S. Perry St.
Montgomery, AL 36104

CV-10-900295  D003

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
JAMES S. BELLAMY

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

RECEIVED
APR 1 9 2010

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7009 1680 0000 7263 8481

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Elizabeth Brown
v.

Midland funding LLC et al



**AlaFile E-Notice**

58-CV-2010-900295.00

Judge: HEWITT L CONWILL

To:  PHILLIPS WESLEY LEVON
wlp@wphillipslaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

ELIZABETH BROWN V. MIDLAND FUNDING LLC ET AL
58-CV-2010-900295.00

The following matter was served on 4/19/2010

D003 TRANS UNION, LLC
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

CV·10.900295

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Experian Information Solutions Inc
2000 I'State PK. Dr
Ste 204
Montgomery, AL 36109

CV-10-900295 DO2

2. Article Number
(Transfer from service label)    7009 1680 0000 7263 8458

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by ( Printed Name)    D. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

RECEIVED AND FILED
APR 2 6 2010
CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

Elizabeth Brown
v.
Midland Funding LLC et al

*AW · 10.90£2915*



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Midland Funding LLC
2000 I State Dr De.
Ste 204
Montgomery AL 36109
CV-10-900945 DD1

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

FILED
MARY H. HARRIS
APR 2 6 2010
DISTRICT
COURT CLERK

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
(Transfer from service label)   7009 1680 0000 7263 8474

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

Elizabeth Brown
v.
Midland Funding LLC et al



AlaFile E-Notice

58-CV-2010-900295.00

Judge: HEWITT L CONWILL

To:  PHILLIPS WESLEY LEVON
     wlp@wphillipslaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

ELIZABETH BROWN V. MIDLAND FUNDING LLC ET AL
58-CV-2010-900295.00

The following matter was served on 4/26/2010

D001 MIDLAND FUNDING LLC

CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



**AlaFile E-Notice**

58-CV-2010-900295.00

Judge: HEWITT L CONWILL

To:  PHILLIPS WESLEY LEVON
wlp@wphillipslaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

ELIZABETH BROWN V. MIDLAND FUNDING LLC ET AL
58-CV-2010-900295.00

The following matter was served on 4/26/2010

D002 EXPERIAN INFORMATION SOLUTIONS, INC.
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



**AlaFile E-Notice**

58-CV-2010-900295.00

Judge: HEWITT L CONWILL

To:  PHILLIPS WESLEY LEVON
     wlp@wphillipslaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

ELIZABETH BROWN V. MIDLAND FUNDING LLC ET AL
58-CV-2010-900295.00

The following matter was served on 4/26/2010

D002 EXPERIAN INFORMATION SOLUTIONS, INC.
CERTIFIED MAIL

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

*thv*

 **CT Corporation**

2 North Jackson Street
Suite 605
Montgomery, AL 36104

334 649 4100 tel
www.ctlegalsolutions.com

April 21, 2010

RECEIVED AND FILED
MARY H. HARRIS

APR 2 3 2010

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO

Mary H. Harris
Circuit Clerk, Shelby County
P.O. Box 1810,
Columbiana, AL 35051

Re: Elizabeth Brown, Pltf. vs. Midland Funding LLC, etc., et al., Dfts.

Case No. 58-CV-2010-900295.00

Dear Sir/Madam:

After checking our records and the records of the State of AL, it has been determined that The Corporation Company is not the agent for an entity by the name of Midland Funding LLC. Currently, the state lists CSC LAWYERS INCORPORATING SRV INC as the agent for this entity.

Accordingly, we are returning the documents received from you.

Very truly yours,

Laura Payne
CT Rep

Log# 516510864

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>58-CV-2010-900295.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### ELIZABETH BROWN v. MIDLAND FUNDING LLC ET AL

MIDLAND FUNDING LLC, 2000 INTERSTATE PARK DR SUITE 204, MONTGOMERY, AL 36109

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS 15 Office Park Circle, Suite 206, Birmingham, AL 35223

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of ELIZABETH BROWN
pursuant to the Alabama Rules of the Civil Procedure

| 4/14/10<br>4/5/2010 3:00:31 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested

/s WESLEY L PHILLIPS
Plaintiff's/Attorney's Signature

MARY H. HARRIS
CIRCUIT CLERK, SHELBY COUNTY
P.O. BOX 1810
COLUMBIANA, AL 35051

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

| Date | Server's Signature | |
|---|---|---|

### 58-CV-2010-900295.00
### ELIZABETH BROWN v. MIDLAND FUNDING LLC ET AL

| C001 - ELIZABETH BROWN | v. | D001 - MIDLAND FUNDING LLC |
|---|---|---|
| Plaintiff | | Defendant |

58-CV-2010-900295.00 D001

# SERVICE RETURN COPY

4/5/2010 5:00 PM
CV-2010-900295.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

ELIZABETH BROWN,                        )
                                        )
    Plaintiff,             )
                                        )
                                        )
vs.                                     )     Case No.: CV-10-900295
                                        )
MIDLAND FUNDING LLC, a corporation;     )
TRANS UNION LLC, a corporation; and     )
EXPERIAN INFORMATION SOLUTIONS,         )
INC., a corporation,                    )
                                        )
    Defendants.            )

### COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiff's Complaint against the Defendants states as follows:

### PARTIES

1.    Plaintiff Elizabeth Brown is a resident of Shelby County, over 19 years of age,

and is competent to bring this action.

2.    Defendant Midland Funding LLC (hereinafter "Midland") is registered in Delaware

with its principal place of business located in San Diego, California and was doing business in

Shelby County, Alabama at all times material to this Complaint.

3.    Defendant Trans Union LLC (hereinafter "Trans Union") is registered in

Delaware with its principal place of business located in Chicago, Illinois and was doing business in

Shelby County, Alabama at all times material to this Complaint.

4.    Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an

Ohio corporation with its principal place of business located in Orange, California and was doing

business in Shelby County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

5.    In January, 2009, Defendant Midland sued Plaintiff in the Small Claims Court of Shelby County, Alabama, with a case number of SM-2009-000147.

6.    Plaintiff answered lawsuit numbered SM-2009-000147 filed by Defendant Midland on March 20, 2009.

7.    In this suit, Defendant Midland asserted it was the owner of a certain debt it claimed was allegedly owed by Plaintiff and asserted it was owed $1,176.02.

8.    Defendant Midland asserted it was owed the amount of $1,1176.02 based on the theories of contract and account stated for its recovery against Plaintiff.

9.    In various correspondence Defendant Midland claimed Plaintiff owed it $1,176.02.

10.   Plaintiff denied and disputed the debt.

11.   After being sued, Plaintiff timely filed an Answer denying the allegations claimed by Defendant Midland.

12.   Thereafter, case was set for trial on May 21, 2009.

13.   The trial date was continued on motion of the plaintiff until July 29, 2009 trial date was sent to Defendant Midland and Plaintiff.

14.   On July 29, 2009, the Honorable John H. Alsbrooks, District Judge for Shelby County, entered an Order finding for Plaintiff Elizabeth Brown and against Defendant Midland in case number SM-2009-000147.

15.   The verdict entered in favor of Plaintiff Elizabeth Brown and against Defendant Midland by the District Court was a final adjudication on the merits.

16.   Defendant Midland did not appeal within the time allowed, thus, making the

judgment a final judgment from which an appeal no longer lies.

17. Defendant Midland is not the owner of this alleged debt.

18. Defendant Midland reported to the credit reporting agencies that Plaintiff owed this money and was in default.

19. Plaintiff did not owe this money to Defendant Midland.

20. The debt being collected is a "consumer debt" as defined by the FDCPA.

21. Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

22. Defendant Midland is a "debt collector" as defined by the FDCPA.

23. After the dismissal with prejudice by the District Court, Plaintiff sent a letter to Defendants Experian and Trans Union requesting an investigation of the account that still appeared on Plaintiff's credit reports with regard to Midland and this account number stating Plaintiff did not owe the $1,176.02 Midland had asserted in case number SM-09-000147 and that she won this case at trial as judgment was entered in her favor and against Midland.

24. Plaintiff requested a complete investigation and re-investigation of her credit file to reflect the fact she won case number SM-09-000147 and that all information referring to this account to be deleted, as Plaintiff did not owe said account and won this case at trial.

25. Plaintiff requested Defendants Experian and Trans Union to contact the Defendant Midland's attorney or the District Court to verify that Plaintiff had indeed won the lawsuit in order to determine that the information in her credit file should be immediately corrected to reflect the fact she won case number SM-09-000147 and did not owe Midland for this account.

26. No Defendant was concerned or cared about what the District Court did in the case as no Defendant had any intention of performing a reasonable investigation.

27. In fact, no Defendant performed any type of reasonable investigation and/or re-

investigation.

28.   Defendants Experian and Trans Union notified Defendant Midland in accordance with the FCRA of the dispute by the Plaintiff.

29.   Alternatively, Defendants Experian and Trans Union did not properly notify Defendant Midland and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Midland. This includes notification that Plaintiff won the lawsuit in the District Court.

30.   All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

31.   On September 28, 2009, Defendant Trans Union issued an improper and inaccurate report of the results of its investigation and re-investigation in a report with File number 211893861 verifying a civil judgment against Plaintiff and in favor of Defendant Midland in Shelby County District Court, Docket #M2009000147, that a civil judgment was paid on this account in the amount of $1191 in September, 2009, which is and was wholly incorrect, false, and inaccurate. Further, the report stated this negative public information will continue on her credit file until February, 2016.

32.   On September 25, 2009, Defendant Experian issued an improper and inaccurate report stating the results of its investigation and re-investigation, Report number 2524587555, verifying a civil judgment against Plaintiff and in favor of Defendant Midland in Shelby County District Court, with Identification number SM2009000147, that the Plaintiff was Midland Funding LLC, that a civil judgment entered on this account in the amount of $1191, and that this negative public information will continue on her credit file until March, 2016. This information was and is incorrect, false, and inaccurate.

33.   The reports Defendants Experian and Trans Union issued to Plaintiff and the

failure to properly and/or reasonably investigate and re-investigate by Defendants Experian and Trans Union following the entering of judgment against Defendant Midland in the Small Claims Court case it brought against Plaintiff shows that all Defendants failed and willfully refused to conduct an adequate and reasonable investigation and/or re-investigation into Plaintiff's dispute.

34.    All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Midland through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

35.    Defendants Trans Union and Experian have proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

36.    For example, had Plaintiff not answered the Small Claims suit and a default judgment was entered, and Plaintiff disputed with the Consumer Reporting Agencies, Trans Union, Experian, and Trans Union would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

37.    Defendants Experian and Trans Union, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff prevailed at trial on the merits.

38.    The verdict for Plaintiff means the Plaintiff does not owe the money claimed by Defendant Midland; and the District Court's ruling was a final judgment.

39.    The dismissal with prejudice was not appealed to the Shelby County Circuit Court, and there is no avenue for appeal for Defendant Midland of this judgment as the time to appeal has long since passed.

40.     Despite this knowledge, Defendants Trans Union and Experian have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Midland, has told them to say.

41.     Defendants Trans Union and Experian have a policy to favor the paying customer, in this situation Defendant Midland, rather than what the consumer or even a court says about a debt.

42.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

43.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

44.     Defendant Midland has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt.  In addition, Defendant Midland has admitted to its practices and has had judgments entered against it for the same type of claims presented in the case at bar, which is evidence of Defendant Midland's willful and wanton conduct in this case.

45.     This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Midland knows no balance is owed.

46.     Defendant Midland promises through its subscriber agreements or contracts to accurately update accounts but Defendant Midland has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47.    Defendant Midland had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.    Defendant Midland has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.    In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.    All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

51.    All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

52.    At all relevant times the Defendants Trans Union and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b),

1681i and state law.

53.     Defendant Midland failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

54.     Defendant Midland has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Trans Union and Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

55.     Defendants Experian and Trans Union have failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts in response to the disputes made by Plaintiff.

56.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

57.     It is a practice of Defendant Midland to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

58.     It is a practice of Defendants Experian and Trans Union to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

59.     All actions taken by employees, agents, servants, or representatives of any type

for any and/or all Defendants were taken in the line and scope of such individuals (or entities')
employment, agency or representation.

60.     All actions taken by any and/or all Defendants were done with malice, were done
willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge
that their actions would very likely harm Plaintiff and/or that their actions were taken in violation
of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their
actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61.     All Defendants have engaged in a pattern and practice of wrongful and unlawful
behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are
subject to punitive damages and statutory damages and all other appropriate measures to punish and
deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

62.     All paragraphs of this Complaint are expressly adopted and incorporated by
reference as if fully set forth herein.

63.     Defendant Midland violated the FDCPA in numerous ways, including, but
not limited to the following:

      a.     Falsely reporting the debt on Plaintiff's credit reports with at least Experian
          and Trans Union when Plaintiff does not owe the money;

      b.     Suing the Plaintiff when there was no basis to do so;

      c.     Continuing to assert the suit in state court when Defendant Midland knew, or

should have known, there was no basis for doing so;

d.     Not informing the Plaintiff of the true amount that was allegedly owed

by providing Plaintiff with different amounts regarding the same debt; and

e.     Engaging in collection activities on a debt that Plaintiff does not owe and

that Defendant Midland is not entitled to collect upon.

64.     The violations of the FDCPA by the Defendant Midland is the proximate cause of

Plaintiffs' injuries under the FDCPA due to Defendant Midland's conduct which violated the

FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys'

fees.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for statutory, actual,

compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of

interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

65.     All paragraphs of this Complaint are expressly adopted and incorporated by

reference as if fully set forth herein.

66.     Defendants Experian and Trans Union are each a "consumer reporting agency," as

codified at 15 U.S.C. § 1681a(f).

67.     Defendant Midland is an entity who, regularly and in the course of business,

furnishes information to one or more consumer reporting agencies about its transactions or

experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. §

1681s-2.

68.     Plaintiff notified Defendants Experian and Trans Union directly of a dispute on the Defendant Midland's account's completeness and/or accuracy, as reported.

69.     The credit reporting agencies failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

70.     Plaintiff alleges that at all relevant times Defendants Experian and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

71.     Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of 15 U.S.C. § 1681i. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Midland and/or other proper and reasonable measures.

72.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

73.     All Defendants violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of

$50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

## DEFAMATION

74.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

75.     Defendant Midland published false information about Plaintiff by reporting to one or more of the Consumer Reporting Agencies (CRAs) the account merely showing it as being "disputed".

76.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

77.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

78.     Plaintiff has been damaged as a proximate result of Defendant Midland's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

79.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

80.    Defendant Midland recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

81.    Plaintiff has been damaged as a proximate result of Defendant Midland's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland for compensatory and punitive damages in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

82.    All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

83.    Defendant Midland has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

84.    Defendant Midland has agreed to follow and understands it must follow the requirements of the FCRA.

85.    Defendant Midland has a duty under Alabama law to act reasonably under the circumstances.

86.    Defendant Midland has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies and has demonstrated a pattern

and practice of this type of conduct in this State, which is evidenced by judgments having been entered against Defendant Midland for the same conduct as alleged in this lawsuit.

87.    Defendant Midland violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

88.    Defendants Experian and Trans Union, violated their duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties these Defendants had or owed to Plaintiff.

89.    Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for statutory, actual, compensatory and/or punitive damages, and attorneys' fees in the amount of $50,000, exclusive of interest from the date of injury and the costs and expenses of this proceeding.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .

s/Wesley L. Phillips
OF COUNSEL

Plaintiff's Address:
Elizabeth Brown

REDACTED

## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Midland Funding LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Trans Union, LLC
c/o Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL 36104

ELECTRONICALLY FILED
4/5/2010 5:00 PM
CV-2010-900295.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| ELIZABETH BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | )   Case No.: _____ |
| | ) |
| MIDLAND FUNDING LLC, a corporation; | ) |
| TRANS UNION LLC, a corporation; and | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., a corporation, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT MIDLAND FUNDING LLC

COMES NOW Plaintiff Elizabeth Brown, by and through her undersigned counsel, and hereby requests that Defendant Midland Funding LLC (also referred to as "you," "your," and "this Defendant"), answer the following interrogatories, requests for admissions, and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests this Defendant attach a copy of each and every document referred to in any of the interrogatories or in this Defendant's responses thereto or that this Defendant states the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

NOTE:   These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

I.   INTERROGATORIES:

1.   State whether this Defendant's name correctly is stated in the complaint filed in

this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.     State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

a.     State the address of all business locations of this Defendant;

b.     Describe the nature of this Defendant's business.

**RESPONSE:**

3.     Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed

by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the

characterization in subpart (a) above, please describe the nature of their involvement in

this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.     Identify all correspondence or documents that refer or relate to any

correspondence or communication between you and any other defendant in this action, relating or

referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your

answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5.     State your policies and procedures and identify the name or title of said policy and

procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your database

and that such information is accurately reported to the credit reporting agencies, including

Equifax, Experian, and Trans Union.

**RESPONSE:**

6.     For each request for admission to which you did not give an unqualified

"admitted," please state in detail the basis for each such refusal to admit and identify all

documents which relate to your refusal to admit.

**RESPONSE:**

7.   Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

8.   What is your policy and procedure for pulling credit reports? Identify and produce all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

9.   Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

10.   State the name and address of each and every witness expected to be called at the

trial of this action.

**RESPONSE:**

11.   State how many credit reports of consumers in Alabama you pulled in 2008 and how many in 2009.

**RESPONSE:**

12.   For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**

13.   State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**

14.   State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

## II.   PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

1.      Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit reports.

**RESPONSE:**

2.      Admit or deny you told Equifax, Experian, and/or Trans Union that Plaintiff had given you permission to pull her reports.

**RESPONSE:**

3.      Admit or deny that you knew that pulling Plaintiff's credit reports would adversely affect Plaintiff's credit worthiness.

**RESPONSE:**

## III.   REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce all documents evidencing, relating, referencing, and/or involving communications between you and any of the other defendants which regarded or in any way referenced Plaintiffs and/or any of Plaintiffs' personal identifiers.

2.      Produce all documents that reference, relate, and/or refer in any way to the Plaintiffs.

3.      Produce all documents evidencing, relating, referencing, involving and/or constituting communications between you and Plaintiff or anyone acting on or purporting to act on Plaintiff's behalf.

4.      Produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009.

5.      Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009.

6.      Produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

7.      Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

8.      Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

9.      Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

10.     Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

11.     Produce any and all documents which evidence, relate, and/or refer in any manner to the Plaintiff or any of Plaintiff's accounts.

12.     Produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

s/Wesley L. Phillips<br>
Wesley L. Phillips (PHI053)<br>
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,   Alabama 35213
(205) 383-3585  - voice
(800) 536-0385 - facsimile


## PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.

ELECTRONICALLY FILED
4/5/2010 5:00 PM
CV-2010-900255.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| ELIZABETH BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | )   Case No.: _____ |
| | ) |
| MIDLAND FUNDING LLC, a corporation; | ) |
| TRANS UNION LLC, a corporation; and | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., a corporation, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANTS TRANS UNION LLC AND EXPERIAN INFORMATION SOLUTIONS, INC.

COMES NOW Plaintiff Elizabeth Brown, by and through her undersigned counsel, and

hereby requests that Defendants Trans Union LLC and Experian Information Solutions, Inc.

(hereinafter, collectively, "you," "your," and/or "these Defendants") answer the following

interrogatories, requests for admissions, and requests for production of documents within the

time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests these

Defendants attach a copy of each and every document referred to in any of the interrogatories or

in these Defendants' responses thereto or that these Defendants state the date and time the said

documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

NOTE:   These interrogatories shall be deemed continuing so as to require supplemental

answers upon receipt of additional information subsequent to its original response.

I.    INTERROGATORIES:

1.    State whether this Defendant's name correctly is stated in the complaint filed in

this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

      2.    State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

        a.    State the address of all business locations of this Defendant;

        b.    Describe the nature of this Defendant's business.

**RESPONSE:**

      3.    Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

      (a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.    Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5.    Please state whether you received any requests from Defendant Midland Funding related to pulling Plaintiff's credit reports in connection with your response, please identify the dates of such requests, the manner of the requests, the identifying data connected with the requests, and explain and describe the reasons you allowed Defendant Midland Funding to have access to Plaintiffs' credit reports.

**RESPONSE:**

6.    State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your consumer credit database and consumer reports you issued and to ensure credit pulls are only allowed when the company desiring to make the pull has a permissible reason.

**RESPONSE:**

7.     If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

**RESPONSE:**

8.     Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

9.     If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

**RESPONSE:**

10.     Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE:**

11.     If your answer to any Request for Admission is anything other than an unqualified "Admit," then explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

**RESPONSE:**

12.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**

13.     State the name and address of each and every expert witness expected to be called at the trial of this action. Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**

14.     State the name, address, phone number, and employer of each and every person known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

**RESPONSE:**

15.     State whether, in the past ten years, you have been named a party defendant in any other lawsuit involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

**RESPONSE:**

16.     State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

    a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

    b) A description of the nature of each such action; and

    c) The result of each such action whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

**RESPONSE:**

17.   State and fully describe the maintenance of all procedures utilized by you to avoid violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding this Defendant's compliance or noncompliance with the FCRA.

**RESPONSE:**

18.   State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

**II.   PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.   Admit or deny that you followed all policies and procedures for allowing Defendant Midland Funding to pull Plaintiff's credit reports.

**RESPONSE:**

2.   Admit or deny you intended that other persons or entities would see the credit pulls by Defendant Midland Funding if such other persons or entities reviewed Plaintiff's credit report maintained by you.

**RESPONSE:**

3.   Admit or deny the credit pulls by Defendant Midland Funding do not improve

Plaintiff's credit history.

**RESPONSE:**

  4. Admit or deny the credit pulls by Defendant Midland Funding lower Plaintiff's credit score using your credit scoring formula.

**RESPONSE:**

  5. Admit or deny you have not yet deleted the inquiries of Midland Funding from Plaintiff's credit reports.

**RESPONSE:**

  6. Admit or deny the Plaintiff does not have a choice on whether you will maintain a credit report on her.

**RESPONSE:**


**III.** **REQUESTS FOR PRODUCTION OF DOCUMENTS**

  1. Please produce all documents evidencing, relating to, and/or involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

  2. Produce each and every document that refers to the plaintiff.

  3. Please produce all documents evidencing, relating to, and/or involving or constituting communications between you and the plaintiff or anyone acting on or purporting to act on the plaintiff's behalf.

  4. Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5.     Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

6.     Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning your subscriber relationships with all other defendants.

7.     Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any information regarding Plaintiff reported by you.

8.     Please produce your documents evidencing, relating, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

9.     Please produce your documents which evidence, relate, reference, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

10.     Please produce all documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters between you and your attorney.

11.     Please produce copies of your documents evidencing, relating, referencing, constituting and/or containing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff

and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

12.     Please produce all documents in your custody, control, or possession evidencing, relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of Plaintiff's accounts.

13.     Please produce any and all documents identified, relied upon, and/or referred to by you in your responses to Plaintiff's interrogatories.

                                        s/Wesley L. Phillips
                                        Wesley L. Phillips (PHI053)
                                        Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,  Alabama 35213
(205) 383-3585 - voice
(800) 536-0385 - facsimile


## PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.



## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| ELIZABETH BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CV-10-900295 |
| MIDLAND FUNDING LLC, a | ) |
| corporation; TRANS UNION LLC, a | ) |
| corporation; and EXPERIAN | ) |
| INFORMATION SOLUTIONS, INC., | ) |
| a corporation, | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

TO:   Wesley L. Phillips
PHILLIPS LAW GROUP, LLC
P.O. Box 130488
Birmingham, Alabama 35213
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
*Attorney for Plaintiff*

The Honorable Mary H. Harris
Clerk of Circuit Court
Circuit Court of Shelby County, Alabama
P.O. Box 1810
Columbiana, Alabama 35051

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal of the above-captioned action to the United States District Court for the Northern District of Alabama, Southern Division. A copy of the Notice of Removal filed with respect to this action is attached hereto as Exhibit A.

{W0259004.1 }

Dated: May 19, 2010                    Respectfully submitted,

                                       L. Jackson Young, Jr. (ASB-7946-G65L)
                                       FERGUSON FROST & DODSON, LLP
                                       2500 Acton Road, Suite 200
                                       Birmingham, Alabama  35243
                                       Email:  ljy@ffdlaw.com
                                       Telephone:  (205) 879-8722
                                       Telecopier:  (205) 879-8831
                                       *Attorney for Defendant*
                                       *Experian Information Solutions, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2010, I caused the foregoing to be

served by first-class U.S. Mail, postage prepaid, on the service list as follows:

Wesley L. Phillips                     Matthew W. Robinett
PHILLIPS LAW GROUP, LLC                NORMAN, WOOD, KENDRICK & TURNER
P.O. Box 130488                        505 20th Street North, Suite 1600
Birmingham, Alabama  35213             Birmingham, Alabama 35203
wphillipslaw@gmail.com                 mrobinett@nwkt.com
*Attorney for Plaintiff*               *Attorney for Trans Union LLC*

Eric Langley
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203
elangley@balch.com
*Attorney for Midland Funding LLC*


                                       Of Counsel